JEFFREY B. HAYDEN
State Bar Number 147552
333 Bradford Street, Suite D
Redwood City, CA 94063
PHONE (650) 368-5700
FAX (650) 368-5736
EMAIL: jeffhayden@rcn.com

Attorneys for Plaintiffs
GEORGE R. MEYER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE R. MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF DALY CITY, a municipal corporation, MATTHEW FOX, individually and in his official capacity as a peace officer, ERIC ALTORFER, individually and in his official capacity as a peace officer, GARY MCLANE, individually and in his capacity as a peace officer and as Chief of Police of the City of Daly City, COUNTY OF SAN MATEO, a political subdivision of the State of California, and DOES 1 through 50,<br><br>Defendants. | CASE NO:<br><br>COMPLAINT FOR DAMAGES; JURY DEMAND<br><br>1. 42 U.S.C. §§ 1983, 1985];<br>2. Municipal Liability against City [42 U.S.C. § 1983];<br>3. Supervisory Liability [42 U.S.C. § 1983];<br>4. Assault & Battery;<br>5. Negligence;<br>6. Intentional Infliction of Emotional Distress;<br>7. Violation of Unruh Act [Cal. Civil Code §52.1]<br>8. Torts in Essence |

INTRODUCTION

1. This is an action brought to vindicate the deprivation of plaintiff George R. Meyer's rights under the Fourth Fifth, Ninth and Fourteenth Amendments to the United States Constitution, and under state common law as well, resulting from physical beatings, at the hands of state peace officers acting under color of state law, and subsequent conspiracy and malicious prosecution.

JURISDICTION & VENUE

2. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988 and the Fourth Fifth, Ninth and Fourteenth Amendments to the United States Constitution. Jurisdiction of this court is invoked under 28 U.S.C. §§ 1331 & 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law arising out of the same transaction as the Federal claims.

3. The acts and omissions complained of herein arose within the County of San Mateo, State of California. Venue lies in this district pursuant to 28 U.S.C. §1931.

4. The acts/omissions complained of occurred on or about May 21, 2004.

GENERAL ALLEGATIONS

5. At all times herein mentioned, plaintiff was a citizen of the United States and a resident of the County of San Mateo, State of California.

6. At all times herein mentioned, defendant Matthew Fox ("Fox") was and is now a peace officer under and by the Laws of State of California and employed in such capacity by the City of Daly City Police Department as such.

7. At all times herein mentioned, defendant Eric Altorfer ("ALTORFER") was and is now a peace officer under and by the Laws of State of California; at the time of the incidents alleged herein, he was employed in such capacity by the City of Daly City Police Department as such, and is now employed in such capacity by the City of San Francisco Police Department as such.

8. At all times material herein defendant Gary McLane ("McLane") was and is now a

peace officer under and by the Laws of State of California and was and is now Chief of Police of the City of Daly City Police Department.

9. In doing the acts alleged herein defendants Fox, Altorfer, and others whose identities are presently unknown, were acting within the course and scope of their employment with the City of Daly City Police Department.

10. In doing the acts alleged herein defendants Fox, Altorfer, and others whose identities are presently unknown, were acting within the course and scope of their participation in a multi-agency task force known as the North County Task Force, involving Daly City Police, neighboring police agencies, and the San Mateo County Sheriff and the San Mateo County Probation Department.

11. At all times alleged herein said defendants were acting and committing such actions under the supervision, control, and direction of defendant McLane, and such actions were authorized and/or ratified by defendant McLane.

12. At all times material hereto defendant City of Daly City was and now is a municipal corporation under the laws of the State of California, and a political subdivision of the State of California, situated in San Mateo County, California, and the employer of defendants Fox, Altorfer and McLane.

13. At all times material hereto defendant County of San Mateo was and now is a political subdivision of the State of California.

14. Plaintiff are ignorant of the true names and capacities of those defendants named as “Others whose identities are unknown,” and “DOES”, but alleges that each said Doe defendant was in

some intentional or negligent manner responsible for their injuries. Plaintiff will likewise amend this complaint to allege the true names and capacities of said defendants when they become known.

15. At all times material herein, defendants Fox, Altorfer, McLane, and others whose identities are unknown, were acting and performing in the course and scope of such employment and under color of law.

16. This action is brought against each individual defendant named herein, and each individual whose identity is presently unknown, in both their individual and official capacities.

17. At all times material hereto, others whose identities are unknown, were other such law enforcement entities and agencies whose identities are unknown and whose identities will be alleged as soon as known.

18. At all times material herein others whose identities are unknown, were and now are municipal corporations and/or political subdivisions of the State of California, situated in San Mateo County, California, and the employer of those others whose identities are unknown, and whose identities will be alleged as soon as known.

19. At all times herein mentioned, each and every defendant had the duty to oversee and supervise the hiring, conduct, retention, employment, training and discipline of each and every other defendant

20. Defendants, and each of them, did the acts and omissions hereinafter alleged willfully, intentionally, in bad faith and with knowledge that their conduct was a violation of state and federal statutory and constitutional law including, among other things, the right to be free from summary

beatings at the hands of state peace officers and employees.

21. At all times mentioned herein, the plaintiff is informed and believes and there on alleges that each and every defendant was the agent, employee, and/or servant of every other defendant, and performed the acts complained of herein in the scope of such agency, servitude and/or employment, and was acting with the consent, ratification, permission, knowledge, and authorization of each of the remaining defendants. Al of the acts and/or conduct of each defendant alleged in the claims into which this paragraph is incorporated by reference were consented to, ratified, approved, and/or authorized by the defendants, and each of them.

22. In accordance with the appropriate regulations, codes, and statutes, including but not limited to the California Government Code, the plaintiff has complied with the administrative and/or governmental claims requirements under California Law. Plaintiff has complied with all applicable requirements.

## FACTUAL ALLEGATIONS

23. Plaintiff repleads paragraph 1 through 22 of this complaint and incorporates said paragraphs by reference into the factual allegations as if fully set forth and alleged herein..

24. On or about the evening of May 21, 2004, plaintiff Meyer was in the driver's seat of his vehicle which was parallel parked between two other vehicles on Hanover Street in the City of Daly City, State of California. Plaintiff's friend, Ricky Wood, approached and entered the passenger side of the vehicle and began talking with Meyer.

25. Without reasonable suspicion and/or probable cause and under color of state law, Defendants Fox and Altorfer approached the vehicle in which Plaintiff Meyer and Ricky Wood were seated. Defendant Fox approached the passenger side of the vehicle and opened the door. Defendant

Altorfer approached the driver's side of the car.

26. Defendants Fox and Altorfer were dressed in baseball jerseys, jeans, and baseball caps. Neither was displaying a law enforcement badge and neither identified himself as law enforcement personnel when they approached the vehicle.

27. Defendant Altorfer placed his service weapon to the head of Meyer through the open driver's window but did not identify himself as a police officer.

28. Plaintiff Meyer feared for his life and reasonably believed that Defendants Fox and Altorfer were street hoodlums or robbers who intended to harm them or to take their property. He was frightened of these yet unknown attackers, and knew only that he needed to get himself out of the dangerous situation. He began to slowly back up his vehicle and then slowly move it forward and to the left toward the street and away from the curb.

29. When he began to move the vehicle, Defendant Altorfer immediately backed away from the vehicle and was in no physical danger. Likewise, Defendant Fox was in no danger as the vehicle began to move forward and away from the curb.

30. Neither Plantiff Meyer nor Ricky Wood was armed and there were no weapons of any kind within the vehicle.

31. Despite the fact that he was not confronted with force, deadly or non-deadly, Defendant Fox began to fire a 9mm semi-auto pistol at Meyer from point blank range.

32. Likewise, Defendant Altorfer began firing his service weapon at the driver's side of the vehicle from his position of safety.

33. Defendant Fox shot Plaintiff Meyer at least three times. One of the shots nearly severed Plaintiff Meyer's index finger. Another shot entered Plaintiff Meyer's left hip. A third shot struck Plaintiff Meyer in the right leg, breaking his bones, severing an artery, and eventually resulting in the amputation of Plaintiff Meyer's right leg below the knee.

FIRST CLAIM
VIOLATION OF CIVIL RIGHTS,
FOURTH, FIFTH, NINTH & FOURTEENTH AMENDMENTS
42 U.S.C. §§ 1983, 1985

(By Plaintiff against all individual defendants and others whose identities are unknown, and, DOES 1 through 50)

34. Plaintiff repleads paragraph 1 through 33 of this complaint and incorporates said paragraphs by reference.

35. In committing the acts set forth in paragraphs 1 through 33, defendants Matthew Fox, Eric Altorfer and others whose identities are unknown, violated and/or conspired amongst themselves to violate Plaintiff of certain clearly established and federally protected constitutional rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures and/or excessive force, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life, or liberty, without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free of summary beatings and free from excessive force by police officers acting under color of state authority, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

36. As a result of the aforesaid acts of defendants, plaintiffs were physically injured. Plaintiffs claim general damages for such physical injury in a sum in an amount to be proved at trial.

37. As a further result of the aforesaid acts of defendants, plaintiffs suffered & continue to suffer extreme emotional distress. Plaintiffs claim general damages for such mental distress and aggravation in a sum in an amount to be proved at trial.

38. By reason of the aforesaid acts and omissions of defendants, and each of them, plaintiffs did and will in the future continue to incur doctor, medical, psychiatric, pharmaceutical, long term, life long physical therapy, counseling, and incidental expenses, in an amount to be proved at time of trial.

39. Plaintiff is entitled to attorney fees as provided in 42 U.S.C. § 1988.

//

//

//

//

//

//

40. Because the acts taken toward Plaintiff by the individual defendants were carried out in an oppressive, fraudulent, malicious, vexatious, deliberate, cold, callous and intentional manner and/or in conscious disregard of Plaintiff's federally protected rights, and with deliberate indifference to such rights, in order to injure and damage Plaintiff, Plaintiff requests the assessment of exemplary damages

against defendants, and each of them, in an amount to be proved at trial.

SECOND CLAIM

MONELL/CANTON MUNICIPAL LIABILITY

[42 U.S.C. § 1983]

(By Plaintiff against defendants City of Daly City, County of San Mateo, and others whose identities are unknown, and DOES 1-50)

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 inclusive, of this complaint as though said paragraphs were fully set forth herein.

42. Defendant City of Daly City, and Others whose identities are unknown, and DOES 1-50 are public entities defined as "persons" within the meaning of 42 U.S.C. § 1983.

43. Defendant City of Daly City, and Others whose identities are unknown, and DOES 1-50 and each of them failed to take the necessary precautions which -- if implemented -- would have prevented the deprivation of plaintiff's federally protected rights as alleged in paragraph 35, above, including but not limited to the following:

i. toleration and/or implicit condonation of false report writing regarding incidents such as the subject incident;

ii. failure to conscientiously and competently hire, screen, train, monitor, supervise, retrain, discipline, and, where necessary, terminate its peace officers, probation officers and employees;

iii. toleration of a "code of silence" among its peace officers, probation

officers and employees whereby they refrain from testifying about and reporting misconduct by fellow officers/probation officers/employees in order to protect individual officers, guards and employees and avoid criminal, civil and administrative consequences for the individuals and respective municipal entities;

iv. failure to adequately screen, hire, train, retrain, monitor, supervise and discipline officers and/or probation officers contracted by the City and answerable to the Daly City Police Department so as to ensure a reverence and respect for the rights of persons with whom the officers are likely to come into contact;

v. failure to conduct thorough, fair and adequate administrative investigations of incidents so as to ensure the observation of citizens' rights, correct intentional and/or negligent misconduct and/or correct bad decision-making, judgment and/or tactics;

vi. failure to comply with administrative rules designed to ensure thorough, fair and adequate administrative investigations and actions and comply with the requirements of state law including California Penal Code §§ 832.5 and 832.7;

44. At all times material hereto, Defendants McLane, and the County of San Mateo, and the City of Daly City, by permitting , condoning and allowing defendants Fox, Altorfer, and others whose identities are presently unknown, to execute and engage in such course of conduct, and by failing to take corrective measures to prevent such conduct from occurring and/or recurring, approved and

ratified the same, and have engaged in a systematic pattern and practice of permitting and condoning such conduct, and deliberate indifference to the rights guaranteed to all persons under the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

45. As a proximate result of the aforementioned failures, Plaintiff suffered damages as alleged herein. Plaintiff repeats and realleges the damage allegations of paragraphs 36, 37, 38 and 39 for purposes of this claim.

THIRD CLAIM

SUPERVISORY LIABILITY

[42 U.S.C. § 1983]

(By both Plaintiff against defendant Chief Gary McLane
and others whose identities are unknown, and, and
DOES 1 - 50)

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 inclusive, and paragraph 44, of this complaint as though said paragraphs were fully set forth herein.

//

//

//

//

47. Defendant Chief Gary McLane and others whose identities are unknown, and DOES 1 through 50 "caused" within the meaning of 42 U.S.C. § 1983 as explained in *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978), the deprivation of Plaintiff' federally protected rights as alleged above by defendants' failure to adequately hire, supervise, train, retrain, discipline, monitor and/or restrain defendants Matthew Fox, Eric Altorfer and others whose identities are unknown, and, and DOES 1

through 80, setting in motion a series of acts by others which defendants Matthew Fox, Eric Altorfer and others whose identities are unknown, and, and DOES 1 through 50 knew or reasonably should have known would cause others such as defendants Matthew Fox, Eric Altorfer and others whose identities are unknown, and, and DOES 1 through 50 to inflict the constitutional injury alleged herein.

48. As a proximate result of the aforementioned failures, Plaintiff suffered damages as alleged herein. Plaintiff repeats and realleges the damage allegations of paragraphs 36, 37, 38 and 39 for purposes of this claim.

FOURTH CLAIM

ASSAULT AND BATTERY and

CONSPIRACY TO COMMIT ASSAULT AND BATTERY

(By both Plaintiff against all defendants)

49. Plaintiff repleads paragraph 1 through 40 of this complaint and incorporates said paragraphs by reference.

//

//

//

//

//

50. The above said acts of defendants Matthew Fox, Eric Altorfer and others whose identities are unknown, and, and DOES 1 through 50 were intentional and constitute assault and battery. By the conduct alleged herein, Defendant Fox and/or Altorfer and/or Does 1 through 50, and each of them, intentionally placed plaintiff in immediate and imminent fear that defendants, and each of them could harmfully and/or offensively contact plaintiff, placing plaintiff in immediate fear of death and/or bodily harm and thereby committed assault on plaintiff.

51. By the conduct alleged herein, Defendants violently touched, restrained, and handled plaintiff in a harmful and/or offensive manner and discharged their weapons into plaintiff with deadly force.

52. Defendants' conduct was without consent and/or legal justification and was malicious and oppressive.

53. As a proximate result of the aforementioned failures, Plaintiff suffered damages as alleged herein. Plaintiff repeats and realleges the damage allegations of paragraphs 36, 37, 38 and 39 for purposes of this claim.

FIFTH CLAIM

NEGLIGENCE

(By Plaintiff against defendants City of Daly City,

Matthew Fox, and Eric Altorfer only)

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 inclusive, of this complaint as though said paragraphs were fully set forth herein.

55. The conduct of the Defendants, and each of them, as outlined herein, constitutes negligence in the performance of their duties as police officers and/or as citizens of the state of California. Defendants had a duty to act and/or refrain from acting in a way which might reasonably tend to injure the plaintiff. Defendants, and each of them, breached this duty.

56. At all times alleged herein, defendants Matthew Fox, and Eric Altorfer, had a duty to

exercise reasonable care in investigating and seizing plaintiff and to avoid instigating incidents such as the subject of the instant complaint, including refraining from conspiring with members of the Daly City Police or other Peace Officers to facilitate the violation of plaintiff's federally and state protected rights.

57. At all times alleged herein, defendants Matthew Fox, and Eric Altorfer had a duty to exercise reasonable care in employing use of force options as a peace officer.

58. At all times alleged herein, defendants City of Daly City, Chief Gary McLane and others whose identities are unknown, and, and DOES 1-50 had a duty to exercise reasonable care in hiring, training, retraining, supervising, screening, warning, disciplining and/or terminating defendants Matthew Fox, and Eric Altorfer regarding the proper discharge of their duties.

59. Defendants and each of them breached said duties thereby causing damage to Plaintiff.

60. As a proximate result of the aforementioned failures, Plaintiff suffered damages as alleged herein. Plaintiff repeats and realleges the damage allegations of paragraphs 36, 37, 38 and 39 for purposes of this claim.

SIXTH CLAIM

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(By Plaintiff against all defendants)

61. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 inclusive, and paragraph 50 of this complaint as though said paragraphs were fully set forth herein.

62. Defendants, and each of them, did each knowingly and wilfully, intentionally and carelessly, and in reckless disregard of the impact upon and consequences to plaintiff, engage in the acts and omissions described and alleged in paragraphs 1 through 36 and paragraph 50.

63. The conduct of the Defendants, and each of them, as set forth herein was extreme and outrageous and beyond the scope of conduct that should be tolerated by citizens of a democratic and civilized society.

64. Defendants' conduct was done with the intention of causing the plaintiff extreme emotional distress and/or with conscious disregard for the probability that plaintiff would suffer severe emotional distress. Further, such conduct was malicious and/or oppressive such that punitive damages are warranted.

65. As a proximate result of the aforementioned failures, Plaintiff suffered damages as alleged herein. Plaintiff repeats and realleges the damage allegations of paragraphs 36, 37, 38 and 39 for purposes of this claim.

//

//

//

//

SEVENTH CLAIM

VIOLATION OF CAL. CIVIL CODE SECTION 52.1

(By Plaintiff against all defendants)

66. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 inclusive, and paragraph 44, of this complaint as though said paragraphs were fully set forth herein.

67. The conduct of the Defendants, and each of them, acting within the course and scope of

their employment with the City of Daly City and/or the County of San Mateo violated California Civil Code section 52.1 in that they interfered with plaintiff's exercise and enjoyment of his civil rights as enumerated above and rights enumerated in the First, Seventh and Thirteenth Articles to the California Constitution to be free from unreasonable search and seizure through use of wrongful force.

68. As a proximate result of the aforementioned failures, Plaintiff suffered damages as alleged herein. Plaintiff repeats and realleges the damage allegations of paragraphs 36, 37, 38 and 39 for purposes of this claim.

EIGHTH CLAIM

TORTS IN ESSENCE

VIOLATION OF STATUTORY DUTIES

(By plaintiff against all defendants)

69. Plaintiffs reallege and incorporate by reference paragraphs 1 through 40 inclusive, and paragraph 44, of this complaint as though said paragraphs were fully set forth herein.

70. Defendants City of Daly City, County of San Mateo, Matthew Fox, Eric Altorfer and others whose identities are unknown, and DOES 1 through 50, inclusive, and each of them, owed to plaintiff non-consensual duties in accordance with, *inter alia*, California Penal Code §§ 134, 137(b), 148.5(a), 182, 245(a)(2) and 246. See, *e.g., Michael R. V. Jeffrey B.* (1984) 158 Cal.App.3d 1059.

71. Defendants, and each of them, failed to abide by said duties in that defendants City of Daly City, Matthew Fox, Eric Altorfer and others whose identities are unknown, and DOES 1 through 50, and each of them, conspired to, and/or falsely arrested and imprisoned plaintiff without legal justification, and subjected plaintiff to verbal abuse and use of excessive force. Thereafter, defendants sought to cover-up their own crimes and misconduct by falsifying reports concerning the incident by

accusing plaintiffs of crimes they did not commit for presentation to the San Mateo County District Attorneys' Office.

72. As a proximate result of the aforementioned failures, Plaintiff suffered damages as alleged herein. Plaintiff repeats and realleges the damage allegations of paragraphs 36, 37, 38 and 39 for purposes of this claim.

PRAYER FOR RELIEF

Wherefore, Plaintiff seek judgment against defendants, and each of them, for:

1. For general damages in according to proof;
2. For special damages according to proof;
3. For punitive and exemplary damages against individual defendants according to proof;
4. For statutory damages allowed per California Civil Code Section 52.1;
5. For attorneys' fees pursuant to 42 U.S.C. § 1988 and Cal. Civ. Code § 52.1(a).
6. For interest at the legal rate on all sums awarded as damages;
7. For costs of suit;
8. For such other and further relief as the court may deem proper.

Dated this ____ day of July, 2005

LAW OFFICES OF
JEFFREY B . HAYDEN

By : ________________________________

JEFFREY B. HAYDEN

Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated this ____ day of July, 2005

LAW OFFICES OF
JEFFREY B. HAYDEN

By : ______________________________
JEFFREY B. HAYDEN
Attorney for Plaintiff